UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

**HUMBERTO REYES,**

Plaintiff,

v.

**AQUA LIFE CORP., D/B/A**

**PINCH A PENNY #43,**

Defendant.

State Court Case No. 10-43274 CA 01 25

September 30, 2010

**NOTICE OF REMOVAL**

## TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

AQUA LIFE CORP., D/B/A PINCH A PENNY #43, Defendant in the above-entitled action, states:

1. Defendant desires to exercise its rights under the provisions of Title 28 U.S.C. § 1441, *et seq.*, to remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which said action is now pending under the above-captioned title.

2. This is an action in which the District Courts of the United States have been given original jurisdiction as Plaintiff seeks in this action (*inter alia*) to recover from Defendant payments of alleged unpaid overtime and liquidated damages pursuant to FLSA. Accordingly, this action is within the original jurisdiction of this Court.

3. As further described below, the claims alleged in the complaint in principal part fall within the original jurisdiction of this Court. Under the provisions of 28 U.S.C. § 1441, *et seq.*, the right exists to remove this action from the Circuit Court of the Eleventh judicial Circuit in and for Miami-Dade County to the United States District Court for the Southern District of Florida, which embraces the place where this action is pending. Under 28 U.S.C. § 1441 and principles of supplemental jurisdiction under 28 U.S.C. § 1367, the right exists to remove the entire case to this Court.

4. By virtue of the operation of 28 U.S.C. §§ 1441 and 1331, "If the basic right asserted by plaintiff is one based on federal law, then the case is properly [removable], whether or not the complaint expressly states that the right sought to be enforced is a federal one. It is the real nature of the claim and not the characterization given it by plaintiff which must govern," *E.g., Produce Terminal Realty Corp. v. New York N.H. & H.R. Co.*, 116 F. Supp. 451, 453 (D. Mass. 1953) (quoted in 1A *Moore's Federal Practice*, ¶ .160[3.3], at p. 233 (1995)). *See also Maine Association of Independent Neighborhoods v. Commissioner, Maine Department of Human Services*, 876 F.2d 1051, 1052-53 (1st Cir. 1989). Since the plaintiff in this action seeks to recover from defendant pursuant to FLSA, this action is properly removable to this Court irrespective of the manner in which plaintiff seeks to characterize the claims in its complaint.

5. Petitioners reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE** Defendant hereby remove the action now pending against them in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 10-43274 CA 01 25, to this Court.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 30, 2010, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Filing.

**PADILLA & WOLIN, P.A.**
2200 S. Dixie Hwy., Ste. 704
Coconut Grove, Florida 33133
Telephone: 305-856-1777
Facsimile: 305-856-2411
Email: djw@miaesq.com

DAVID WOLIN
Florida Bar No.: 156558

SERVICE LIST

Sina Negahbani, Esq.
Attorney for Plaintiff
PO Box 566055
Miami, Florida 33256-6055