IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.   10-43274 CA 25

HUMBERTO REYES,

    Plaintiff,

vs.

AQUA LIFE CORP., d/b/a
PINCH A PENNY #43,

    Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on:

**AQUA LIFE CORP., d/b/a PINCH A PENNY #43** by serving its Registered Agent ("RA"):

    *ANA IBARRA*

    *3705 SW 110 AVE*

    *MIAMI FL 33165*

Each defendant is required to serve written defenses to the complaint or petition on Sina Negahbani, Esq., plaintiff's attorney, whose address is P.O. Box 566055, Miami, Florida 33256, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately after the service. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Dated _____.

AUG 0 9 2010

                            *Harvey Ruvin*
                            As Clerk of the Court
                            Sharon Moore
                            By _____

                            As Deputy Clerk

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

10-43274 CA 25

HUMBERTO REYES,

    Plaintiff,

vs.

AQUA LIFE CORP., d/b/a
PINCH A PENNY #43,

    Defendant.

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, HUMBERTO REYES ("REYES"), through undersigned counsel, sues the Defendant, AQUA LIFE CORP., d/b/a PINCH A PENNY #43, (hereinafter "Defendant", "Employer" or "company"), and states:

1. This is an action for damages and appropriate equitable relief arising from Defendant's wrongful termination of Plaintiff's employment and unpaid overtime wages and within the jurisdictional limit of the Court with venue in Miami-Dade County Florida.

2. At all times material hereto, the Plaintiff, HUMBERTO REYES, was a resident of Miami, Florida and is the past "employee" of Defendant as that term is defined under applicable law.

3. The Defendant, AQUA LIFE CORP., d/b/a PINCH A PENNY #43, is a Florida corporation organized and existing under the laws of Florida, with its principal place

of business in Miami-Dade County, Florida and holds itself out to the public as an entity engaged in commerce in the field of pool services and its employees use and handle products that have moved in interstate commerce (with the Plaintiff also acting as the company's delivery driver); moreover, at all times material hereto Defendant was the "Employer" of the Plaintiff as that term is defined under statutes referenced herein and engaged (along with its employees) in interstate commerce and upon information and belief has annual gross sales or business volume of $500,000 or more.

4. On or about March 23, 2008, the Plaintiff was hired by the Defendant.

5. On or about February 23, 2009, while the Plaintiff was working during the course and scope of his employment with the Defendant, he suffered a work-related injury to his lower leg/foot.

6. Following the accident, the Plaintiff requested that his employer assist him in receiving medical attention under the Defendant's Workers Compensation plan; the Defendant's reaction and demeanor towards the Plaintiff became cold and Plaintiff was scolded and in an intimidating and/or coercive manner told that he should not try to obtain worker's compensation benefits.

7. Instead of assisting him in filing a claim for worker's compensation to receive medical benefits, the employer instead, in an intimidating manner, told Plaintiff to go to the owner's friend/choice of private physician.

8. When thereafter the Plaintiff insisted in seeing a worker's compensation health care provider and to submit a worker's compensation claim, the Defendant wrongfully fired him on or about March 2, 2009 (i.e., a mere one week after his accident at

work).

9. Defendant's conduct in wrongfully discharging Plaintiff was intentional, willful, deliberate, in reckless disregard of Plaintiff's rights and the law, and/or malicious.

## COUNT I
## RETALIATION/ WRONGFUL DISCHARGE IN VIOLATION OF WORKER'S COMPENSATION LAWS

10. The Plaintiff reavers herein Paragraphs 1-9 herein.

11. The Defendant's act, including the discharge of the Plaintiff, was by reason of Plaintiff's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

12. Defendant's conduct was in clear violation of Fla. Stat. §440.205 which plainly provides that: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

13. As a direct result of the Defendant's deliberate and intentional wrongful actions, including termination, the Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for actual damages, compensatory damages, punitive damages, cost of the action, and such other relief as the Court deems just and appropriate.

## COUNT II
## UNPAID STRAIGHT TIME /OVERTIME WAGES

14. The Plaintiff reavers herein Paragraphs 1-9 herein.

15. Throughout his employment, the Plaintiff on a daily basis was required to work overtime hours which equated sometimes from at least 6 to 30 or more additional hours of work a week.

16. Defendant, however, knowingly/willfully failed to pay Plaintiff appropriate straight time or overtime pay for such additional hours.

17. The Plaintiff is thus entitled to and seeks recovery of unpaid overtime and liquidated damages under the law along with cost and fees incurred in prosecuting this action.

WHEREFORE, the Plaintiff prays for judgment in her favor against the Defendants for unpaid overtime and liquidated damages, plus costs as well as reasonable attorney's fees pursuant to FLSA and/or Section 448.08, Fla. Stat., and such other remedy as the court deems just and appropriate.

By: _____
Sina Negahbani, F.B.N. 972673
Negahbanis@yahoo.com
SINA NEGAHBANI, ESQ.
P.O. Box 566055
Miami, Florida 33256
Tel: (305) 595-9078
Fax: (305) 595-9079
Counsel for Plaintiff

4