UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  10-23548-Civ–COOKE/TURNOFF

HUMBERTO REYES,

    Plaintiff
vs.

AQUA LIFE CORPORATION,

    Defendant.
_____/

ORDER VACATING PRIOR ORDER AND REMANDING
CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER is before me on Plaintiff's Motion to Remand, to Vacate, and for Reconsideration.  (ECF No. 112).  Count I of the Plaintiff's Complaint alleges that Defendant violated Fla. Stat. § 440.205 by retaliating against him because he attempted to file a claim under Florida's Worker's Compensation Law.  Count II alleges that Defendant violated the Fair Labor Standards Act.  On October 1, 2010, Defendant removed this case to this Court.  (ECF No. 1).  On May 10, 2012, I entered an Order granting Defendant's Motion for Partial Summary Judgment on Plaintiff's § 440.205 claim.  (ECF No. 111).  On May 15, 2012, Plaintiff filed the present Motion.

Title 28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  Section 440.205 provides: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."  The law "creates a statutory cause of action for a wrongful discharge in retaliation for an employee's pursuit of a workers' compensation claim."  *Smith v. Piezo Tech. & Prof'l Adm'rs*, 427 So. 2d 182, 183-84 (Fla. 1983).

Although the Eleventh Circuit has never address the question of whether § 440.205 is

removable, it has held that a retaliatory discharge claim under Alabama's worker's compensation law "arises under" that state's worker's compensation statute and cannot be removed pursuant to 28 U.S.C. § 1445(c). *See Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000). Like the Alabama statute, § 440.205 is codified with Florida's remaining worker's compensation laws, and enhances the efficacy of the overall worker's compensation system. *Cf. id*.

It is well-established that "[s]ubject-matter jurisdiction can never be waived . . . ." *Latin Am. Prop. & Cas. Ins. Co. v. Hi-Lift Marina, Inc.*, 887 F.2d 1477, 1479 (11th Cir. 1989). Having reviewed the arguments, the record, and the relevant legal authority, I find that Plaintiff's § 440.205 claim is non-removable and must be remanded to state court because this Court cannot exercise subject matter jurisdiction over such a claim. 28 U.S.C. § 1447(c)[1] ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *cf. Reed*, 206 F.3d at 1057 (reversing and remanding district court's grant of summary judgment, with instruction to court to remand to state court: "Because we conclude that claims brought pursuant to [the state] statute barring retaliation for the filing of workers' compensation claims do arise under that state's workers' compensation laws, the district court lacked jurisdiction to entertain [Plaintiff's] retaliatory discharge claim.").

Further, because I do not have subject matter jurisdiction over the § 440.205 claim, I must vacate the Order granting Summary Judgment on that claim pursuant to Rule 60(b)(4). *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 n.3 (11th Cir. 2009) ("In general, a judgment is

---

[1] Plaintiff filed the Motion for Remand and to Vacate before this Court entered a separate final judgment pursuant to Rule 54(b) or Rule 58 of the Federal Rules of Civil Procedure. *Cf. March Inv. Corp. v. Langford*, 494 F. Supp. 344, 346 (E.D. La. 1980) (finding order granting motion for summary judgment was a "final judgment" under § 1447(c) because the court entered judgment without condition and issued a separate judgment document pursuant to Rules 54(b) and 58), *aff'd on other grounds*, 652 F.2d 583, 584 n.1 (5th Cir. Unit A 1981) (stating, in *dicta*, that final judgment on summary judgment order entered pursuant to Rule 54(b) constitutes "final judgment" under § 1447(c)). Further, Plaintiff's Motion to Remand and to Vacate was filed timely under the period set forth in Rule 60(b)(4).

void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter.").[2]

Finally, I will retain jurisdiction over Plaintiff's FLSA claim. This Court has original jurisdiction over Count II of Plaintiff's Complaint because it is a federal claim, and it does not appear that state law predominates over Plaintiff's FLSA claim. That claim will therefore remain before me. *See Ayes v. H & R of Belle Glade, Inc.*, No. 08-21038, 2008 WL 1840714, at *3 (S.D. Fla. Apr. 22, 2008) (remanding § 440.205 claim but retaining jurisdiction over FLSA claim); *Johnston v. Morton Plant Mease Healthcare, Inc.*, No. 07-179, 2007 WL 570078, at *3 (M.D. Fla. Feb. 20, 2007) ("The *Reed* case provides support for remanding only those claims which must be remanded by statute and retaining jurisdiction over the pending federal claims . . . .").

It is therefore **ORDERED and ADJUDGED** that Plaintiff's Motion to Remand and to Vacate (ECF No. 3) is **GRANTED**. This Court's Order granting Defendant's Motion for Partial Summary Judgment (ECF No. 111) is hereby **VACATED**.

Count I of Plaintiff's Complaint is therefore severed and remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, pursuant to 28 U.S.C.

---

[2] Defendant argues that I should not remand the claim because it was fraudulently pled to avoid removal. Defendant contends that the dismissal of the claim on summary judgment shows that it was baseless in law and in fact. In support, Defendant cites to several cases involving fraudulent joinder or fraudulently pleaded claims. The inquiry in such cases, however, focuses on whether *the complaint allegations* are sufficient to state a claim. *See, e.g.*, *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175-76 (5th Cir. 1995) (stating that "[t]he removing party must show that there is no possibility that plaintiff would be able to establish a cause of action" and "[a] denial of remand is permissible where the district court determines that *as a matter of law* there was no reasonable basis for predicting that the plaintiff might establish liability." (internal quotation marks omitted)). That is not the case here. Although the Plaintiff's Complaint sufficiently stated a claim under § 440.205, I found at the summary-judgment stage that Plaintiff failed to provide sufficient evidence to establish the existence of a genuine issue of material fact with respect to his retaliation claim. Defendant does not cite any case law to support extending the application of the fraudulent joinder/fraudulent pleading standard to the facts of this case, and I do not find that Plaintiff fraudulently included the § 440.205 claim to avoid removal.

§ 1447(c). Count II shall remain before this Court for resolution.[3]

**DONE and ORDERED** in chambers, at Miami, Florida, this 13th day of June 2012.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

---

[3] This Court is presently considering whether Plaintiff's counsel may be liable for sanctions pursuant to 28 U.S.C. § 1927 for its litigation of this matter. *See Reynolds v. Roberts*, 207 F.3d 1288, 1301-02 (11th Cir. 2000). It is not apparent, from the record, whether his failure to seek remand at an earlier time was part of some premeditated litigation strategy. In light of upcoming settlement negotiations, however, I will allow the parties to attempt to resolve this dispute themselves without further Court intervention.